UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BAILEY WOOTEN,

        Plaintiff,

      v.                      Civil Action 2:25-cv-256
                                  Judge James L. Graham
TARA STURTS, *et al.*,              Magistrate Judge Chelsey M. Vascura

        Defendants.


## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, Bailey Wooten, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

    This matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-1) under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's federal claims under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted, and that Plaintiff's Ohio claims be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court. The undersigned further **RECOMMENDS** that Plaintiff's Motion to Dismiss Court Orders as

Void and Unenforceable (ECF No. 3) be **DENIED AS MOOT**. Finally, Plaintiff's Motion to Obtain Electronic Case Filing Rights (ECF No. 4) is **GRANTED**.

## I.     STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
>> (i) is frivolous or malicious; [or]
>>
>> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.    ANALYSIS

Plaintiff alleges that her minor child was removed from her custody by Morrow County Job and Family Services ("MCJFS") without a court order and placed in Mohican Young Stars Academy LLC ("Mohican"), an unlicensed facility. (Compl., ECF No. 1-1.) A court order for the child's removal was filed eleven days after the removal, and the child has since been returned to Plaintiff's custody. (*See* Status Report, ECF No. 1-26, PAGEID #118; Temporary Orders and

Notice of Hearing, ECF No. 1-27, PAGEID #122–23.) Plaintiff advances claims under 42 U.S.C. § 1983 for violation of her Fourth and Fourteenth Amendment rights, as well as a number of state-law claims, including negligence, fraud, defamation, and intentional infliction of emotional distress. Plaintiff names as Defendants a number of individuals, presumably employees of MCJFS, as well as the Morrow County Sheriff's Department and Mohican. All individuals are sued in both their individual and official capacities. Plaintiff demands $48.5 million in damages as well as injunctive and declaratory relief. (Compl., ECF No. 1-1.)

Although Plaintiff's allegations are brief and often use the passive voice without identifying the relevant actors, the undersigned surmises that MCJFS is the entity allegedly responsible for removing Plaintiff's child from her custody and placing the child in an unlicensed facility. Even giving Plaintiff's Complaint this generous reading of MCJFS's actions, Plaintiff's claims against MCJFS must be dismissed because county departments of jobs and family services are not *sui juris*—that is, they lack the capacity to be sued. *See*, *e.g.*, *Linkous v. Hamilton Cnty. Job & Fam. Servs.*, No. 1:15-CV-809, 2016 WL 490058, at *2 (S.D. Ohio Jan. 4, 2016), *report and recommendation adopted*, No. 1:15CV809, 2016 WL 455415 (S.D. Ohio Feb. 5, 2016); *see also Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (affirming district court's holding that sheriff's department, as arm of the county, is not *sui generis*).

As to the remaining Defendants, Plaintiff's Complaint identifies no actions taken by any of the individual Defendants, the Sheriff, or Mohican. The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Heyward v. Cooper*, 88

4

F.4th 648, 661 (6th Cir. 2023) (quoting *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011) and *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (emphasis in original). "[C]ategorical references to 'Defendants'" do not meet this standard. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012). Nor do allegations that an individual defendant "was present and perhaps involved in" the plaintiff's injuries without allegations as to the unconstitutionality of the individual defendant's actions. *Lanman*, 529 F.3d at 684. Plaintiff's allegations, which either refer generically to "Defendants" or are written in the passive voice without identifying the relevant actors, therefore fail to state a claim under § 1983 against any individual Defendant, the Sheriff, or Mohican.

Moreover, to the extent Plaintiff seeks any injunctive or declaratory relief for constitutional violations, those claims appear to be moot. According to state-court documents attached to Plaintiff's Complaint, a court order for the child's removal was later filed, the child was returned to Plaintiff's custody, and hearings as to the child's custody going forward have been held or scheduled. (*See* Status Report, ECF No. 1-26, PAGEID #118; Temporary Orders and Notice of Hearing, ECF No. 1-27, PAGEID #122–23.) Plaintiff specifies no further injunctive or declaratory relief that would remedy her alleged constitutional deprivations and none is obvious to the undersigned. Plaintiff's claims for injunctive and declaratory relief must therefore be dismissed.

The undersigned also recommends that the Court decline to exercise jurisdiction over Plaintiff's remaining state-law claims. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as

well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (citations omitted). Here, Plaintiff's

state-law claims fail to provide a basis for a claim over which this Court has original jurisdiction.

"The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C.

§ 1331, which provides for federal-question jurisdiction, and § 1332, which provides for

diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned

up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim "arising under"

the federal laws or the United States Constitution. *Id*. (citation omitted). For a federal court to

have diversity jurisdiction under § 1332(a), there must be complete diversity, meaning that each

plaintiff must be a citizen of a different state than each defendant, and the amount in controversy

must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff's claims under Ohio law do not arise under federal laws or the United States

Constitution. Nor has Plaintiff alleged that she and Defendants are citizens of different states.

Thus, Plaintiff has failed to plausibly allege facts on which the Court could rely to conclude that

this Court has original subject-matter jurisdiction over her state-law claims. Because the

undersigned is recommending dismissal of all of Plaintiff's federal claims, it is further

recommended that the Court decline to exercise supplemental jurisdiction over any remaining

state-law claims and that it dismiss any such claims without prejudice to filing in state court.

Because the undersigned recommends dismissal of Plaintiff's Complaint in its entirety,

the undersigned further recommends that the Court deny Plaintiff's Motion to Dismiss Court

Orders as Void and Unenforceable (ECF No. 3) as moot.

Finally, Plaintiff's Motion to Obtain Electronic Case Filing Rights (ECF No. 4) is

**GRANTED**. Plaintiff may participate in e-filing only as to this particular case and conditional

on her compliance with all applicable e-filing requirements. Plaintiff is **DIRECTED** to create a

PACER account, and then complete the electronic filing registration for the Southern District of Ohio, as explained at https://pacer.uscourts.gov/register-account/non-attorney-filers-cmecf. Plaintiff is **REMINDED** that failure to adhere to all applicable e-filing requirements will likely result in the revocation of permission to participate in e-filing. Plaintiff is specifically **CAUTIONED** that failure to update her email address and monitor her email account (including her "junk mail" or spam folder) for court filings may result in the Court's dismissal of the action. *Cf. Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (affirming district court's denial of motion for relief from judgment where counsel's neglect in failing to check docket until more than a month after he learned that he was not receiving notice of electronic filings because he failed to update his email address on file with the district court); *Equal Emp't Opportunity Comm'n v. Indi's Fast Food Rest., Inc.*, No. 3:15-cv-00590, 2016 WL 7473130, at *6 (W.D. Ky. Dec. 28, 2016) (noting that defense counsel represented that "he did not receive any Court-related notices or emails because they were all sent to his 'junk mail' folder" and finding that "[d]efense counsel's non-receipt of emails does not relieve his responsibility to monitor the Court's docket and keep apprised of developments within his active cases, which he failed to do here").

### III.    DISPOSITION

For these reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) and Plaintiff's Motion to Obtain Electronic Case Filing Rights (ECF No. 4) are **GRANTED**. The undersigned **RECOMMENDS** that Plaintiff's federal claims be **DISMISSED** for failure to state a claim on which relief can be granted, and that Plaintiff's Ohio claims be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court. It is further **RECOMMENDED** that Plaintiff's Motion to Dismiss Court Orders as Void and Unenforceable (ECF No. 3) be **DENIED AS MOOT**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE