UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BAILEY WOOTEN,**

    **Plaintiff,**

    v.                                              **Civil Action 2:25-cv-256**
                                                           **Judge James L. Graham**
**TARA STURTS,** *et al.***,**                 **Magistrate Judge Chelsey M. Vascura**

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, Bailey Wooten, an Ohio resident proceeding without the assistance of counsel, sues numerous Defendants under federal constitutional and statutory provisions in connection with the temporary removal of her child from her custody. On March 25, 2025, the undersigned issued an Order and Report and Recommendation, granting Plaintiff's motions for leave to proceed *in forma pauperis* and for electronic case filing rights, but recommending that her Complaint be dismissed under 28 U.S.C. § 1915(e) for failure to state a claim on which relief can be granted. ("R&R," ECF No. 7.)

    On March 27, 2025, Plaintiff filed an Amended Complaint that adds additional factual allegations in response to the deficiencies identified in the R&R. (ECF No. 8.) Accordingly, the March 25, 2025 Order and Report and Recommendation (ECF No. 7) is **VACATED IN PART**, in that the undersigned's recommendation to dismiss Plaintiff's Complaint is vacated, but the

orders granting Plaintiff's motion for leave to proceed *in forma pauperis* and for electronic case filing rights remain in effect.[1]

Plaintiff has also filed a number of motions to amend or supplement the Amended Complaint. Plaintiff's Motion to Amend Complaint to Include Jury Demand (ECF No. 11) is **GRANTED**. Plaintiff's Motion to Supplement Evidence in Support of Claims (ECF No. 13), which seeks to add exhibits labeled BB through JJ, is **GRANTED**. Exhibits BB through JJ were attached to another motion of Plaintiffs at ECF Nos. 14-1 through 14-10, and the Court deems them (along with exhibits A through AA attached to Plaintiff's original Complaint at 1-3 through 1-29) to be part of Plaintiff's Amended Complaint. Plaintiff's additional motions to supplement the record (ECF Nos. 12, 18) appear to be duplicative of ECF No. 13, and therefore, they are **DENIED AS MOOT**.

The undersigned now turns to the re-screening of Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e) before ruling on a number of other motions filed by Plaintiff.

I. **SCREEN OF PLAINTIFF'S AMENDED COMPLAINT UNDER § 1915(e)**

Having screened Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e), Plaintiff **MAY PROCEED** on her claims for violation of her Fourteenth Amendment due process rights against Defendants Jones and Sturts. It is **RECOMMENDED** that Plaintiff's remaining claims be dismissed for failure to state a claim on which relief may be granted.

A. **Standard of Review**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In

---

[1] The R&R also recommended that Plaintiff's Motion to Dismiss Court Orders as Void and Unenforceable (ECF No. 3) be denied as moot. Plaintiff has since filed a motion to withdraw the Motion to Dismiss (ECF No. 15), which is now **GRANTED**.

doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not

3

"suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**B.      Analysis**

Plaintiff alleges that on March 23, 2024, Defendant Chris Jones (a caseworker for Morrow County Job and Family Services, "MCJFS") removed Plaintiff's minor child from her custody without a valid court order in violation of her Fourteenth Amendment due process rights and 42 U.S.C. § 671(a)(15). Defendant Tara Sturts, Jones's supervisor at MCJFS, allegedly authorized the unlawful removal. (Am. Compl. ¶¶ 6, 18). Plaintiff also makes cursory allegations against a number of other Defendants. (*Id.* at ¶¶ 5–25.)

Having screened Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e), Plaintiff **MAY PROCEED** on her claims for violation of her Fourteenth Amendment due process rights against Defendants Jones and Sturts. It is **RECOMMENDED**, for the reasons below, that

4

Plaintiff's remaining claims be dismissed for failure to state a claim on which relief may be granted.

### 1. Plaintiff fails to state a claim against the County Defendants.

First, as to Defendant Morrow County, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Nichols v. Wayne Cty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) ("To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom.") (citing *Hardrick v. City of Detroit,* 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)). Here, Plaintiff has not alleged any facts on which the Court could rely to conclude that an official policy or custom of Morrow County resulted in the violation of her constitutional rights.

Defendants MCJFS, Morrow County Sherriff's Department, and Morrow County Prosecutor's Office must also be dismissed because county departments are not *sui juris*—that is, they lack the capacity to be sued. *See, e.g.*, *Linkous v. Hamilton Cnty. Job & Fam. Servs.*, No. 1:15-CV-809, 2016 WL 490058, at *2 (S.D. Ohio Jan. 4, 2016) (county departments of job and family services are not *sui juris*), *report and recommendation adopted*, No. 1:15CV809, 2016

5

WL 455415 (S.D. Ohio Feb. 5, 2016); *see also Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (affirming district court's holding that sheriff's department, as arm of the county, is not *sui juris*).

### 2. Plaintiff fails to state a claim against the Judicial Defendants.

No matter how liberally the Court construes Plaintiff's Complaint, Defendants Tom Elkin and Celeste Brammer—a state court judge and magistrate, respectively—are entitled to absolute immunity from civil liability. Judges are entitled to absolute immunity from suit when acting within the scope of their duties. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (judges immune); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted) (immunity overcome only if actions taken are not within the judge's judicial capacity or if the actions, "though judicial in nature, [are] taken in the complete absence of all jurisdiction"). Plaintiff's Complaint contains no plausible allegations on which this Court could rely to conclude that the exceptions to judicial immunity apply to the state-court judge and magistrate he names. Defendants Elkin and Brammer must therefore be dismissed.

### 3. Plaintiff fails to state a claim against her former attorney.

Plaintiff brings a claim against her former attorney, Donald Wick, for violation of her Sixth Amendment right to effective assistance of counsel. But Plaintiff's Amended Complaint reflects that Mr. Wick represented Plaintiff only in civil matters concerning the custody of her child, not criminal matters. And "[t]he Sixth Amendment to the Constitution of the United States, which provides that in criminal prosecutions the accused shall have the assistance of counsel for his defense, does not apply to civil cases." *Hullom v. Burrows*, 266 F.2d 547, 548 (6th Cir. 1959). Plaintiff therefore fails to state a claim against Defendant Wick, and he must be dismissed.

    **4.**    **Plaintiff fails to state a claim against the facility where her child was placed.**

Plaintiff alleges that Defendant Mohican Young Stars Academy LLC allowed her child to be placed in its facility while it was unlicensed. The exhibits to her original and Amended Complaint reflect that Mohican was licensed to operate a residential facility under Ohio Revised Code § 5119.34 from September 11, 2021, through September 10, 2024, and again from November 21, 2024 through February 18, 2025. (*See* Licenses, ECF No. 1-10, PAGEID #33, 35.) The exhibits further reflect that Plaintiff's child was placed at Mohican from October 17, 2024, through December 17, 2024, overlapping with the period of non-licensure for 35 days. (ECF No. 1-20, PAGEID #85; ECF No. 1-23, PAGEID #109.) However, Plaintiff's Amended Complaint does not allege that Plaintiff or her child were injured as a result of the non-licensure. In the absence of injury caused by Mohican's lapsed license, Plaintiff lacks standing to bring any claim premised on the lapsed license. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (plaintiff must establish the "irreducible constitutional minimum" of standing by showing that she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.") (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992)). Nor is there any indication that failure to comply with Ohio's licensing requirements for residential facilities creates a private right of action, rather than reserving enforcement to the State. *See* Ohio Admin. Code § 5122-30-06, "Unlicensed Facilities" ("[T]he [Ohio] department [of mental health and addiction services] may investigate any facility that has been reported to the department or that the department has reason to believe is operating as a residential facility without a valid license."). As Plaintiff's Amended Complaint contains no other allegations against Mohican, Plaintiff's claim against Mohican must be dismissed.

7

### 5. Plaintiff fails to state a claim against the Ohio Attorney General.

Plaintiff's allegations against the Ohio Attorney General ("OAG") are threadbare. Plaintiff states only that the OAG "[n]eglected oversight responsibilities despite formal complaints." (Am. Compl. ¶ 15, ECF No. 8.) Plaintiff's exhibits further reflect that Plaintiff registered a complaint with the OAG concerning MCJFS's conduct regarding custody of her child. The OAG's response directed Plaintiff to contact the Ohio Governor's office, which has the authority to look into activities involving state agencies. (ECF No. 14-2, PAGEID #435, 450.) No other allegations or exhibits pertain to the OAG. The undersigned was unable to locate any authority for Plaintiff's assertion that the OAG is responsible for investigating reports of misconduct by county departments of jobs and family services. As Plaintiff has not plausibly alleged that the OAG has any "oversight responsibilities" over MCJFS, her allegations fail to state a claim against the OAG.

### 6. Plaintiff fails to state a claim against the remaining Defendants.

Plaintiff's claims against the remaining Defendants are also threadbare and conclusory. Plaintiff's only allegations against Defendant Kylie Ehrhart are that she "[k]nowingly misrepresented facts and obstructed Plaintiff's access to records." As to Defendant Deputy Daniel Dowell, Plaintiff alleges only that he "[a]rrested Plaintiff without probable cause and made false CPS reports, violating her Fourth Amendment rights and 18 U.S.C. § 242." And Defendant Nicole Parrish is alleged to have "[n]eglected minor's medical care and provided misleading reports." (Am. Compl. ¶¶ 7, 12, 16, ECF No. 8.) These sparse allegations are precisely the kind of "naked assertions devoid of further factual enhancement" that do not suffice under *Iqbal*. 556 U.S. at 678 (cleaned up). Accordingly, Plaintiff's claims against Defendants Ehrhart, Dowell, and Parrish must be dismissed.

8

### 7. Plaintiff fails to state a claim under several federal statutes.

Plaintiff's Amended Complaint refers in passing to several federal statutes. Plaintiff's citation to 42 U.S.C. § 12132 (Title II of the Americans with Disabilities Act) is unaccompanied by any allegations concerning a disability of Plaintiff or her child and therefore fails to state a claim under *Iqbal*.

Plaintiff similarly fails to state a claim for conspiracy under 42 U.S.C. § 1985. "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983. That pleading standard is relatively strict." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563 (6th Cir. 2011) (cleaned up). Plaintiff's allegations of conspiracy are limited to a conclusory assertion that unspecified "Judicial officers" "refused to process Plaintiff's criminal complaints regarding custodial interference, violating 42 U.S.C. § 1985 (Conspiracy to Interfere with Civil Rights)." (Am. Compl. ¶ 24, ECF No. 8.) As noted above, judicial officers are immune from suit. Moreover, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Thus, the fact that judicial officers followed the law in refusing to process criminal complaints brought by a private citizen can hardly constitute evidence of a conspiracy against that private citizen. As a result, the Complaint fails to allege a plausible conspiracy claim. *See Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (to support a conspiracy theory, a plaintiff must show, in part, "that an overt act was committed in furtherance of the conspiracy that caused injury to the [plaintiff]"); *see also Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009) (finding conclusory factual allegations insufficient to state a § 1985 conspiracy claim).

As for 42 U.S.C. § 671(a)(15) (requiring that states receiving federal funding must use reasonable efforts to keep children in their home), 42 U.S.C. § 5106a (the Child Abuse

9

Prevention and Treatment Act ("CAPTA")), 18 U.S.C. §§ 241–242 (criminal statutes prohibiting conspiracies to infringe on federal rights and the deprivation of rights under color of law), and the Family First Prevention Services Act ("FFPSA"), none of these statutes provide private rights of action. *See* 42 U.S.C. § 1320a-2 ("section 671(a)(15) of this title is not enforceable in a private right of action"); *Tony L. By & Through Simpson v. Childers*, 71 F.3d 1182, 1190 (6th Cir. 1995) (no private right of action under CAPTA); *Booth v. Henson*, 290 F. App'x 919, 920–21 (6th Cir. 2008) (no private right of action under 18 U.S.C. §§ 241 or 242); *Barlow-Johnson v. Ctr. for Youth & Fam. Sols.*, No. 22-CV-3214, 2023 WL 5826966, at *7 (C.D. Ill. Sept. 8, 2023) (finding that the FFPSA does not contain either an express or implied provision providing a private right of action); *see also Thompson v. Thompson*, 484 U.S. 174, 179 (1988) ("The intent of Congress remains the ultimate issue, however, and unless this congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist.") (cleaned up). Plaintiff's claims under these statutes must therefore be dismissed.

## II. PLAINTIFF'S ANCILLARY MOTIONS

**A.    Motion for exemption from PACER fees**

Plaintiff has moved for an exemption from the fees associated with accessing documents in the Court's PACER system. (ECF No. 9.) This motion is **DENIED AS MOOT**, as Plaintiff has the ability to download each document on the court's docket free of charge. When a new document is filed on the docket, Plaintiff will receive a notice of electronic filing ("NEF") via the email address she provided when creating her PACER account. Plaintiff may click the link in the NEF to open a PDF copy of the newly filed document without incurring PACER charges. Plaintiff should take care to download and save each newly filed document, as only her first access via the NEF link is free of charge.

### B.    Motion to Compel Discovery

Plaintiff also moves to compel discovery from Defendants. (ECF No. 14.) This motion is **DENIED** as premature, as discovery will not commence until Defendants have been served and the parties confer as to an agreed discovery schedule under Federal Rules of Civil Procedure 26(d) and (f).

### C.    Motion to Preserve Evidence

Plaintiff's motion to require Defendants to preserve evidence (ECF No. 16) is **DENIED**. Defendants already have an obligation to preserve relevant evidence as a result of Plaintiff's demands for relief (*see* ECF No. 14-2), and Plaintiff has not alleged any facts suggesting evidence is at any special risk of loss absent a court order. *See John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) ("[B]ecause all litigants are obligated to preserve relevant information in their possession, preservation orders generally must be premised on a demonstration that a real danger of evidence destruction exists, a lack of any other available remedy, and a showing that the preservation order is an appropriate exercise of the court's discretion.") (quoting The Sedona Principles: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, Second Edition 33).

### D.    Motion for Appointment of Counsel

Plaintiff's motion for appointment of counsel (ECF No. 17) is also **DENIED**. Although Plaintiff is proceeding *in forma pauperis*, appointment of counsel is discretionary under 28 U.S.C. § 1915(e); appointment of counsel in a civil case is not a constitutional right. *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id*. at 606. The Court has evaluated whether such exceptional circumstances exist and determines that the appointment of counsel is not warranted at this juncture.

11

### E. Motion to Seal

Plaintiff further moves to place certain unspecified documents under seal because they contain identifying information of her minor child. (ECF No. 19.) Plaintiff's motion is **GRANTED IN PART**. Plaintiff has submitted voluminous exhibits in support of her Complaint, and from the Court's review, it appears not all of them contain identifying information for her child. Plaintiff's motion contains placeholder text stating "[List specific document titles and docket numbers, if applicable]," but does not identify the particular documents that require sealing. The Clerk is **DIRECTED** to place Plaintiff's exhibits A through JJ (ECF No. 1-3 through 1-29 and 14-1 through 14-10) under **TEMPORARY SEAL**. **WITHIN FOURTEEN DAYS of the date of this Order**, Plaintiff is **ORDERED** to file a notice identifying by docket number (ECF No.) the exhibits containing the full first or last name, birthdate, or social security number of her child, at which time all other exhibits will be unsealed. Plaintiff is also **ORDERED**, **WITHIN FOURTEEN DAYS of the date of this Order**, to file redacted versions of those identified exhibits which redact only her child's full name (leaving first and last initials visible), birthdate, and social security number. *See* Fed. R. Civ. P. 5.2(a).

### F. Motion for U.S. Marshal Service

Plaintiff also moves for the reissuance of summonses and for the U.S. Marshal to effect service of process over Defendants. (ECF No. 20.) Plaintiff's Motion is **GRANTED** as to Defendants Chris Jones and Tara Sturts only. Plaintiff has submitted the necessary summons and U.S. Marshal forms at ECF No. 14-11, PAGEID #536–39 and ECF No. 2-1, PAGEID #209–10. Before the Marshal can effect service, Plaintiff must submit to the Clerk's Office complete services copies for each of Defendant Jones and Sturts of the Amended Complaint (ECF No. 8) and all exhibits (ECF Nos. 1-3 through 1-29 and 14-1 through 14-10).

### G. Motion for Leave to File Second Amended Complaint

Finally, Plaintiff moves for leave to file a Second Amended Complaint (ECF No. 22.) It is **RECOMMENDED** that Plaintiff's motion be **DENIED** because the amendments she seeks to make to her First Amended Complaint are futile. Although Federal Rule of Civil Procedure 15(a)(2) states that the Court should give leave for a party to amend its pleading "when justice so requires," "leave to amend should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (cleaned up). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005). That is, the standard for whether a proposed amendment is futile is the same standard for whether claims may proceed under § 1915(e)(2).

Here, Plaintiff's proposed Second Amended Complaint names all of the same Defendants (apart from the Ohio Attorney General's Office, of whom the undersigned recommends dismissal above). The only additions are Plaintiff's listing of additional causes of action. (*See* Am. Compl. 3–5, ECF No. 22-1) (listing First Amendment Retaliation, Equal Protection, RICO and RICO Conspiracy, Failure to Intervene, Abuse of Process, Substantive Due Process, and Intentional Infliction of Emotional Distress). However, Plaintiff fails to support her new causes of action with any factual allegations. (*See id.*) Accordingly, her new causes of action fail to state a claim under *Iqbal* and her proposed amendment to add them would be futile. It is therefore **RECOMMENDED** that Plaintiff's Motion to File Second Amended Complaint (ECF No. 22) be **DENIED**.

### III. DISPOSITION

The March 25, 2025 Order and Report and Recommendation (ECF No. 7) is **VACATED IN PART**, in that the undersigned's recommendation to dismiss Plaintiff's Complaint is vacated, but the orders granting Plaintiff's motion for leave to proceed *in forma pauperis* and for electronic case filing rights remain in effect.

Having screened Plaintiff's First Amended Complaint under 28 U.S.C. § 1915(e), Plaintiff **MAY PROCEED** on her claims for violation of her Fourteenth Amendment due process rights against Defendants Jones and Sturts. It is **RECOMMENDED** that Plaintiff's remaining claims be dismissed for failure to state a claim on which relief may be granted. It is further **RECOMMENDED** that Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 22) be **DENIED** for futility.

Plaintiff's motion to withdraw the Motion to Dismiss (ECF No. 15) is **GRANTED**. The Clerk is **DIRECTED** to terminate Plaintiff's Motion to Dismiss (ECF No. 3.)

Plaintiff's Motion to Amend Complaint to Include Jury Demand (ECF No. 11) and Motion to Supplement Evidence in Support of Claims (ECF No. 13) are **GRANTED**. The Clerk is **DIRECTED** to note Plaintiff's jury demand on the docket. Plaintiff's additional motions to supplement the record (ECF Nos. 12, 18) are duplicative of ECF No. 13 and are **DENIED AS MOOT**.

Plaintiff's motion for an exemption from PACER fees (ECF No. 9) is **DENIED AS MOOT**. Plaintiff's motion to compel discovery (ECF No. 14), motion to order Defendants to preserve evidence (ECF No. 16), and motion for appointment of counsel (ECF No. 17) are **DENIED**. Plaintiff's motion to place certain documents under seal (ECF No. 19) is **GRANTED IN PART** as outlined above. The Clerk is **DIRECTED** to place Plaintiff's exhibits A through JJ (ECF Nos. 1-3 through 1-29 and 14-1 through 14-10) under **TEMPORARY SEAL**.

Plaintiff's motion for issuance of summons and for U.S. Marshal service (ECF No. 20) is **GRANTED** as to Defendants Chris Jones and Tara Sturts only. If Plaintiff wishes to have service effected over Defendants Jones and Sturts by the U.S. Marshal, Plaintiff must first submit to the Clerk's Office service copies of the First Amended Complaint (ECF No. 8) and all exhibits (ECF Nos. 1-3 through 1-29 and 14-1 through 14-10) for each of Defendant Jones and Sturts. If Plaintiff does so, the Clerk is **DIRECTED** to issue the summons for Defendants Jones and Sturts, and the United States Marshal is **DIRECTED** to serve by certified mail upon Defendants Jones and Sturts the issued summons, a copy of the First Amended Complaint and its exhibits, a copy of the March 25, 2025 Order and Report and Recommendation (ECF No. 7), and a copy of this Order and Report and Recommendation.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE